William E. AUSTIN

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

Civ. A. No. 75–0018–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Sept. 16, 1975.

W. Hobart Robinson, Abingdon, Va., for plaintiff.

Carr L. Kinder, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff brings this action seeking review of the final decision of the Secretary of Health, Education and Welfare denying plaintiff the establishment of a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). The Secretary found that plaintiff met the disability insured status requirements of the Act at least through December 31, 1974. Consequently, the issue before this court is whether there is "substantial evidence" to support the con-

clusion that plaintiff was not under a disability prior to the final decision of the Secretary.

The plaintiff, William E. Austin, was born on September 24, 1923 and subsequently completed the seventh grade in school. Mr. Austin served in the United States Army from 1941 through 1945. He then worked in the Nation's coal mines from 1946 until February of 1970. Mr. Austin worked in the mines primarily as a machine operator. His last jobs were as a shuttle car operator and silo operator. Both positions involved sitting with operation of the machines accomplished through push buttons. Plaintiff characterized his last mining jobs as "light work." (TR 46). Mr. Austin alleges that he became totally disabled for all substantial gainful employment as of February 9, 1970. He further alleges that his disability is caused by a "back condition" and that such condition has lasted for more than 12 months.

The medical evidence of record clearly documents the existence of significant back impairment probably initiated by an old mining accident. The most recent medical reports reveal that Mr. Austin suffers from: chronic lumbo sacral strain, chronic myositis of the low back, degenerative changes of the cervical spine and hypertrophic lipping of the lumbar spine, avascular necrosis, left carpal lunate by history, undiagnosed central nervous system disease, early arteriosclerosis and impacted otic lumina. (TR 142). Many of these conditions constitute significant physical impairments which serve to substantiate plaintiff's allegations of severe back pain.

The Administrative Law Judge evaluated all of plaintiff's physical conditions and concluded that they are not so severe as to be totally disabling. Subsequent to the decision of the Law Judge, plaintiff submitted evidence of substantial psychiatric impairment to the Social Security Administration's Appeals Council. The Appeals Council considered the new evidence and concluded that neither plaintiff's back impairment and other physiological ailments nor his psychiatric problem is so severe as to be

totally disabling. (TR 10). The Appeals Council opined that while Mr. Austin is prevented from repeated bending, he is not disabled for light work such as was involved in his operation of mining equipment. The court has concluded that the opinion of the Appeals Council manifests an erroneous disregard for the severity of Mr. Austin's mental condition.

On September 10, 1973, Dr. David M. Wayne, a psychiatrist and director of the Bluefield Mental Health Center, Inc., conducted a psychiatric examination and psychological evaluation of Mr. Austin. After extensive psycho-diagnostic measurement of plaintiff, Dr. Wayne offered a diagnosis of anxiety neurosis and depressive neurosis, both severe and chronic, with a borderline range of intelligence. Dr. Wayne stated that Mr. Austin's prognosis was "extremely poor" and offered the following recommendations:

It is felt that this individual is an extremely poor prospect for any type of employment or any type of Vocational Rehabilitation services. His psychiatric impairment is such that it prevents him from any type of employment, part-time or full-time. His memory, concentration and attention have been suppressed to a severe degree. His overall functioning has been suppressed. We cannot see any way how this man could function in any type of employment, part-time or full-time. He does appear to have suicidal tendencies. Furthermore, we would like to point out that this man is not competent to handle his own funds and if any money is awarded to him, he should have a guardian. (TR 152).

At the request of the Appeals Council, a second psychiatrist, Dr. Marshall Hogan, Jr., conducted an evaluation of Mr. Austin. Dr. Hogan offered a diagnosis of "(1) anxiety neurosis, chronic, moderate and (2) depressive neurosis, reactive type, chronic, moderate." (TR 166). Dr. Hogan concluded a "supplemental questionnaire" with the following observation:

This patient has no insight into his nervous condition and his depressive reaction

is entirely a reactive one. His skeletal problems are real and he does not stress this or overstate it. I would think his best outlook is for maintenance rather than improvement. (TR 168).

In his report, Dr. Hogan included a "social worker survey" completed by Mr. Gordon Aronhime. In that survey report, Mr. Aronhime described his personal observation of the almost hysterical fear of Mr. Austin that was demonstrated by plaintiff's youngest (3½ years old) child.

The court notes that the Appeals Council relied heavily on Dr. Hogan's report in minimizing the degree of plaintiff's mental disorder. (TR 9). However, the court observes that Dr. Hogan described a definitely chronic neurotic condition though on a somewhat less severe level than that described by Dr. Wayne. Furthermore, the social worker survey included by Dr. Hogan is indicative of the irrational and inconsistent behavior characteristic of a neurotic state. Finally, even if Dr. Wayne's and Dr. Hogan's reports are viewed as more than minimally discrepant, the court notes that Dr. Wayne's report describes more complex and comprehensive testing, evaluation, and documentation than the report submitted by Dr. Hogan.

In short, the Appeals Council's disregard for the conclusions of Dr. Wayne is not supported by "substantial evidence." Though not bound by Dr. Wayne's findings of disability, the Secretary must give adequate consideration to all evidence of record. The court has concluded that the record clearly demonstrates that Mr. Austin has established the existence of a significant mental disorder. Such a disorder could be expected to adversely influence plaintiff's motivation and substantially reduce his capacity for the light work to which he is otherwise relegated because of his back condition. The court finds the evidence of record sufficiently developed as to make it unnecessary to remand this case for consideration of further psychiatric evidence submitted by Mr. Austin subsequent to the final decision of the Secretary.

In order to properly adjudicate a claim for disability insurance benefits, it is necessary to consider the impact of plaintiff's impairments both individually and in their totality. *Mullins v. Cohen,* 296 F.Supp. 181 (W.D.Va., 1969). Allegations of pain and subjective discomfort which are consistent with medical observations must be considered along with other impairments. *Silcox v. Richardson,* 331 F.Supp. 460 (W.D.Va., 1971). After consideration of the total impact of Mr. Austin's physical impairments, his subjective pain and discomfort, his mental impairment, and his advanced age and limited vocational background, the court has determined that the final decision of the Secretary is not supported by "substantial evidence." Moreover, the court has concluded that Mr. Austin has established disability of requisite duration for all substantial, gainful employment. Accordingly, the final decision of the Secretary is reversed and the case remanded for the establishment of proper disability benefits.